IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **ESTELL GREEN and PEGGY GREEN, h/w,** : <br> : <br> : <br> **Plaintiffs,** : <br> : <br> v. : <br> : <br> **HARROP INDUSTRIES, INC.** : <br> : <br> **Defendant.** : | Case No. 3:22-cv-369-DPJ-FKB |

# COMPLAINT

COME NOW Plaintiffs, ESTELL GREEN and PEGGY GREEN, husband and wife, by and through their attorneys, GRATZ & GRATZ, P.A. and WEITZ & LUXENBERG, P.C. and in support of their claims against the Defendant, state as follows:

## PARTIES

### Plaintiffs

1. Plaintiff ESTELL GREEN is an individual and at all times relevant hereto a resident of Mississippi, with a street address of 328 Woody Dr, Jackson, MS 39212.

2. Plaintiff PEGGY GREEN is an individual and at all times relevant hereto a resident of Mississippi, with a street address of 328 Woody Dr, Jackson, MS 39212. Plaintiff PEGGY GREEN is the wife of Plaintiff ESTELL GREEN.

### Defendant

3. Defendant, Harrop Industries, Inc. ("Harrop") is an Ohio corporation with its principal place of business at 3470 E Fifth Avenue, Columbus, OH 43219. The Defendant, Harrop Industries, Inc.. is a foreign corporation who may be served with process and summons by receipt of process at 3470 E Fifth Avenue, Columbus, OH 43219.

4. John Doe Defendants 1-500 are defendants whose identities are unknown at this time. It is believed that these other corporations and/or individuals supplied, manufactured, and or distributed asbestos-containing products to the Plaintiff's worksite and Plaintiff was exposed to said asbestos-containing products, or that these corporations and/or individuals manufactured, supplied, distributed, products which caused Plaintiff exposures to asbestos.

## JURISDICTION AND VENUE

5. Upon information and belief, Defendant Harrop has obtained a certificate of authority to transact business in Mississippi pursuant to §79-1-211 et seq., Mississippi Code of 1972.

6. Jurisdiction is proper as Defendant Harrop has (i) committed tortious acts in Mississippi and/or (ii) has committed tortious acts outside the state of Mississippi that has resulted in injury within Mississippi.

7. Further, this Court has personal jurisdiction over Harrop as Defendant knew or should have known that its asbestos-containing products were sold throughout Mississippi, and, more specifically, caused its asbestos-containing products to be sold to Plaintiff and/or Plaintiff's employers within Mississippi.

8. In addition, Harrop maintains sufficient contacts with Mississippi such that this Court's exercise of personal jurisdiction over it does not offend traditional notions of fair play and substantial justice.

9. Venue is proper within this District under 28 U.S.C. §1391(b)(2) because Plaintiff, Estell Green, was exposed to Defendant's asbestos-containing products and/or material and his resultant injuries occurred in this District. Further, Harrop as a corporate entity, is deemed to reside in any judicial district in which it is subject to personal jurisdiction.

## STATEMENT OF FACTS

10. From approximately 1968 to 1988, Estell Green was an employee of Tri-State Brick & Tile ("Tri-State") in Jackson, Mississippi.

11. As a laborer at Tri-State, Estell Green was wrongfully exposed to, inhaled, ingested, and otherwise absorbed asbestos fibers emanating from various sources which were manufactured, distributed, sold, removed, installed, and/or used by Defendant Harrop including, but not limited to, Harrop's kilns, dryers, rope and refractory materials including firebrick.

12. In his capacity as a laborer at Tri-State, Plaintiff Estell Green was exposed to asbestos as a result of the installation, use, maintenance, servicing, and/or removal of Defendant Harrop's kiln/dryer and component parts including rope and firebrick.

13. Plaintiff Estell Green may have also been exposed to asbestos in such a manner that further investigation and/or discovery may uncover.

14. Plaintiff Estell Green was directly and secondarily exposed to asbestos from various asbestos-containing products and/or materials within and a part of Defendant's equipment and from asbestos-containing products and/or materials he used and/or were used by co-workers in his vicinity, that were supplied by the Defendant.

15. Plaintiff Estell Green was directly exposed to asbestos from various asbestos-containing products and/or materials he used in his work as a laborer operating and maintaining the Defendant's equipment and asbestos-containing products and/or materials being used by others in his vicinity which were mined, manufactured, supplied, distributed, sold and/or otherwise placed in the stream of commerce by the following defendant: Harrop Industries, Inc.

16. Plaintiff Estell Green was also secondarily exposed to asbestos from various asbestos-containing products and/or materials mined, manufactured, supplied, distributed, sold and/or otherwise placed in the stream of commerce by the following defendant: Harrop Industries, Inc.

17. The defendant named herein was during all times material hereto, and for a long time prior thereto, engaged in the mining, manufacturing, supplying, distributing, selling and/or otherwise placing in the stream of commerce asbestos and or asbestos-containing products and/or materials.

18. Defendant knew or should have known through industry and medical studies, the existence of which was unknown to Plaintiff of the health hazards to Plaintiff inherent in the asbestos-containing products prepared, supplied, and sold for use in the State of Mississippi. Instead of warning the Plaintiff, other intended users, and the general public about these dangers, the Defendant ignored or actively and fraudulently concealed such information, or condoned such concealment, and commanded, directed, advised, encouraged, aided, abetted, or conspired with others or each other in so doing in order to sell asbestos and avoid litigation by those who were injured from asbestos inhalation. Said actions or inactions constitute gross negligence and show a callous disregard for the rights and safety of the Plaintiff and others giving rise to the imposition of punitive damages against the Defendant herein.

19. In connection with his work during the exposure period, the Plaintiff was exposed to and inhaled or otherwise ingested significant quantities of such asbestos, having; neither knowledge nor reason to believe that asbestos was dangerous.

20. At all times herein set forth, Plaintiff used Defendant's products in the manner and for the purposes for which they were intended.

21. Plaintiff Estell Green's exposure to and inhalation, ingestion, or absorption of asbestos fibers emanating from the use of the above-mentioned products was completely foreseeable and could or should have been anticipated by the Defendant.

22. The Defendant knew or should have known that the asbestos fibers contained in its products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting, or otherwise absorbing them.

23. As a result of the Defendant's wrongful conduct, Plaintiff Estell Green suffered from an asbestos-related disease including, but not limited to, mesothelioma. Plaintiff Estell Green was diagnosed on or after May 17, 2021. As a result of developing mesothelioma, Plaintiff Estell Green endured great physical pain and suffering, mental anguish, emotional pain and suffering, loss of enjoyment of life, and will continue to suffer such and more. Further, as a result of Defendant's wrongful conduct, Plaintiff Estell Green was required to receive medical treatment to mitigate his asbestos related disease, thus incurring reasonable and necessary costs for medical care, diagnosis, and treatment.

## COUNT ONE

### Strict Liability

24. Plaintiffs re-allege and incorporate the foregoing allegations of this Complaint.

25. The Defendant and/or its predecessor entities were engaged in, or materially participated in, or aided and abetted in the business of selling asbestos and materials containing asbestos, which were expected to and did reach Mississippi and equipment in and around Mississippi, as well as other work Sites where Plaintiff was employed, without substantial change in the condition in which they were sold, where said products released asbestos fibers which were inhaled and ingested by the Plaintiff in connection with his work.

26. The asbestos was in a defective condition unreasonably dangerous to the Plaintiff who was the intended and foreseeable user or bystander of the asbestos. These defects included, without limitation, the following:

    a. Inherent and known properties common to the asbestos sold by the Defendant that created unreasonably high potential for causing respiratory diseases, cancer and other health problems to workers or members of such workers' households who would be exposed to asbestos.

    b. Lack of warnings or lack of sufficient warnings by the Defendant of the inherently dangerous properties of asbestos when used for the purpose for which it was manufactured and sold.

  c. Lack of instructions or lack of sufficient instructions by the Defendant for eliminating. or minimizing the health risks inherent in the use of asbestos.

  d. Lack of reasonable inspections by the Defendant of their asbestos products to ensure that such asbestos products contained sufficient warnings of the dangerous properties of asbestos.

  e. Lack of reasonable inspections by the Defendant of their asbestos products to ensure that such asbestos products contained sufficient instructions for eliminating or minimizing the health risks inherent in the use of asbestos.

  f. Lack of tests or lack of sufficient tests by the Defendant to determine the harmful effects of asbestos on intended users arid bystanders.

  g. Defective designs by the Defendant calling for the inclusion of asbestos in products that did not require asbestos, and where alternate, equally suitable substances were available.

  h. Lack of warnings or lack of sufficient warnings by the Defendant upon their discovering the full extent of the dangers presented by asbestos-containing materials and products.

27. The Defendant knew or should have known that the Plaintiff would be exposed to its asbestos products without inspection of the medical literature by the Plaintiff on the adverse health effects of asbestos. By marketing the asbestos-containing products without warning of the dangerous characteristics of the products, the Defendant represented to the Plaintiff and the public, who justifiably relied thereon, that asbestos was not dangerous.

28. The defective conditions of the Defendant's asbestos products proximately caused or contributed to the Plaintiff's injuries and damages as described in this Complaint.

29. Defendant's actions were performed intentionally or with disregard for the health and safety of Plaintiff.

30. WHEREFORE, Plaintiffs demand judgment against the Defendant for such compensatory and punitive damages as may be permitted pursuant to the laws of Mississippi, together with interest, cost, attorneys' fees and all such other and further relief as this Court deems just and proper.

## COUNT TWO

### Negligence

31. Plaintiffs re-allege and incorporate the foregoing allegations of this Complaint.

32. Each of the Defendants had but breached; a duty to the Plaintiff to exercise the highest standard of care in designing, testing, manufacturing, marketing, and selling asbestos which is an extraordinarily and inherently dangerous substance. The breached duties included, without limitation, the duty:

   a. To select the types of asbestos or alternate materials that would reduce or eliminate health hazards to those who would work with, and in the vicinity of asbestos.

   b. To warn adequately of the extraordinary health hazards known by the Defendants to be associated with asbestos use.

   c. To instruct adequately in methods of using asbestos that would reduce the danger of inhalation or ingestion of asbestos dust.

   d. To test adequately the asbestos products to determine the dangers concomitant with their use.

   e. To remove the asbestos products from the stream of commerce upon discovering their dangerous properties.

   f. To inspect the asbestos products for adequate warnings and instructions.

33. As a direct and proximate result of the Defendants' aforesaid breaches of their duties to the Plaintiff; the Plaintiff has sustained the injuries and damages described herein.

34. In breaching or materially assisting others in breaching their duties to the Plaintiff, as described above, the Defendants acted intentionally, with gross negligence, recklessly, maliciously and wantonly in that the Defendants and each of them knew or should have known through data available exclusively to them that asbestos was inherently and extraordinarily dangerous if used in the manner intended and foreseen by the Defendants, and that each of their aforesaid breaches of duty would result in the injuries suffered by Plaintiff.

35. WHEREFORE, Plaintiffs demand judgment against the Defendant for such compensatory and punitive damages as may be permitted pursuant to the laws of Mississippi, together with interest, cost, attorneys' fees and all such other and further relief as this Court deems just and proper.

## COUNT THREE

### Breach of Warranties

36. Plaintiffs incorporate the foregoing allegations of this Complaint.

37. The Plaintiff reasonably relied upon the Defendants who were manufacturers, sellers, or distributors of asbestos-containing products to exercise their skills and judgment to select and furnish goods of a suitable and reasonably safe nature and to furnish products fit for the particular purposes intended and to be supplied in a merchantable condition.

38. Defendants breached their legal duties in that their products were not sold and furnished in a merchantable and reasonably safe condition and were not fit for the particular purpose intended in accordance with the laws of the State of Mississippi.

39. As a direct and proximate result of the Defendants' aforesaid breaches and breaches of their legal duties owed to the Plaintiff, the Plaintiff has sustained injuries and damages as described herein.

40. WHEREFORE, Plaintiffs demand judgment against the Defendant for such compensatory and punitive damages as may be permitted pursuant to the laws of Mississippi, together with interest, cost, attorneys' fees and all such other and further relief as this Court deems just and proper.

## COUNT FOUR

### Fraudulent Concealment/Misrepresentation/ Alteration of Medical Studies/Conspiracy

41. Plaintiffs re-allege and incorporate the foregoing allegations of this Complaint.

42. Defendant Harrop, individually and as agents of one another and a coconspirators, aided, abetted, encouraged, counseled, assisted, agreed and conspired among themselves and with other asbestos manufacturers and distributors to injure Plaintiff.

43. As a direct and proximate result of the Defendant's aforesaid breaches and breaches of its legal duties owed to the Plaintiff, the Plaintiff has sustained injuries and damages as described herein.

44. WHEREFORE, Plaintiffs demand judgment against the Defendant for such compensatory and punitive damages as may be permitted pursuant to the laws of Mississippi, together with interest, cost, attorneys' fees and all such other and further relief as this Court deems just and proper.

## COUNT FIVE

### Consortium

45. Plaintiffs hereby incorporate by reference all previous paragraphs, as if each of said paragraphs were set forth fully hereunder.

46. At all times relevant hereto, Plaintiff Peggy Green was and is the wife of Plaintiff Estell Green. Plaintiff Peggy Green was and is entitled to his care, comfort, companionship, services, advice, guidance, counsel and consortium.

47. As a direct and proximate result of the aforesaid, Plaintiff Peggy Green has been and will in the future be deprived of the care, comfort, companionship, services, advice, guidance, counsel and consortium of her husband.

48. WHEREFORE, Plaintiff, Peggy Green demands judgment against the Defendant for such compensatory and punitive damages as may be permitted pursuant to the laws of Mississippi, together with interest, cost, attorneys' fees and all such other and further relief as this Court deems just and proper.

Dated: July 1, 2022          By:     *Michael B. Gratz, Jr.*
                                     Michael B. Gratz, Jr., MSB #10672
                                     Gratz & Gratz, P.A.
                                     312 N. Green Street
                                     Tupelo, MS 38804
                                     (662) 844-5531
                                     (662) 844-8747 (fax)


OF COUNSEL:
Cody M. Greenes, Esquire
Weitz & Luxenberg, P.C.
220 Lake Drive East, Suite 210
Cherry Hill, NJ  08002
(856) 406-3978
(646) 293-4924 (fax)

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues so triable.